DAVID ELDER (SBN 171510)
JOEL MARRERO (SBN 275601)
jmarrero@housingrightscenter.org
TERI YIN (SBN 240471)
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1116
Fax:   (213) 381-8555

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SERGIO SALAZAR, an individual, and ALMA SALAZAR, an individual,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>ZHI MIN LI, an individual,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES FOR VIOLATIONS OF:**<br><br>1.　The Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;<br>2.　California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*;<br>3.　Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and<br>4.　Negligence |

## I.　INTRODUCTION

1.　Plaintiffs Alma Rivas and Sergio Salazar seek declaratory, injunctive, and monetary relief against Defendant Zhi Min Li for discriminating based on familial status in connection with the rental of residential property.  Defendant has engaged in a pattern or practice of conduct with the purpose and effect of

discriminating against families with minor children. This action arises under the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. and related state laws.

## II. JURISDICTION AND VENUE

2. This Court's jurisdiction over this action is predicated on 28 U.S.C § 1331 because the claims alleged herein arise under the laws of the United States, specifically the FHA. The state law claims form the same case and controversy as the federal law claims. Thus, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction to hear and determine Plaintiffs' state law claims.

3. Defendant's residential property is in this district and all events giving rise to this complaint occurred in this district. Thus, venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b)(1) and (2).

4. This Court has authority to grant declaratory and injunctive relief as well as actual and punitive damages pursuant to 42 U.S.C. § 3612(o)(3), and 42 U.S.C. § 3613(c)(1). The Court also has the authority to award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

## III. PARTIES

5. Plaintiffs Alma Rivas and Sergio Salazar are tenants and parents of minor children at 3425 Baldwin Park Boulevard, Baldwin Park, California 91706 ("subject property"). The subject property is a dwelling within the meaning of 42 U.S.C. § 3602(b).

6. Defendant Zhi Min Li owns, manages, and operates the subject property. Defendant also employs an onsite manager, "Diana Cuamea," to operate and manage the subject property on Defendant's behalf. At all times relevant herein, Ms. Cuamea acted as Defendant's agent. Any and all agents, employees, or managers acted within the scope of their agency, employment, or other authorized representation. Whenever and wherever reference is made in this Complaint to any acts of a manager, agent, or employee such allegations and references shall also be deemed to mean Defendant's acts.

## IV. FACTUAL ALLEGATIONS

7. Plaintiffs Alma Rivas and Sergio Salazar have resided with minor at the subject property since 2003.

8. On or about January 18, 2011, Defendant issued a notice to tenants at the subject property stating there were new rules and regulation added to the tenants' contracts to be signed by February 1, 2011. In relevant part, the rules stated, "The activities and conduct of resident, resident's guests and minor children of resident or guests, outside of the unit on the common grounds, parking areas or any recreation facilities must be reasonable at all times and not annoy or disturb other persons."

9. In or around that same period, Defendant's onsite manager, Diana Cuamea, enforced Defendant's rule regarding conduct in the common areas exclusively against minor children. Ms. Cuamea verbally informed Ms. Salazar and other tenants that minor children were not allowed in common areas. As a result, the Salazars made it a practice to only allow their minor children in the common areas under their supervision.

10. On April 4, 2016, two minor children who lived in the subject property asked Ms. Salazar if her nine-year old daughter could go outside to the common area with them. Ms. Salazar allowed her daughter to go outside their apartment while Ms. Salazar monitored the three children as they talked. While the minor children were outside Ms. Salazar received a text from Ms. Cuamea asking her to keep her daughter and another minor child inside the apartment. Ms. Rivas texted that she was watching the children and what they were doing, noting that her apartment door was open.

11. Ms. Cuamea invited Ms. Salazar to her apartment at 8 p.m. to resolve their "problem." Ms. Salazar, who was unsure what Ms. Cuamea meant by "problem" spoke with her over the phone. During the phone call, Ms. Cuamea reiterated that minor children were not allowed in the common areas. Ms. Salazar

told Ms. Cuamea that she was watching her daughter through her apartment window and that her daughter was abiding by a sign posted in the common area that prohibited bicycles, skateboards, and ball throwing.  Given Ms. Cuamea prohibition against children in the common areas, reasonably understood the sign as a deterrence against activities by minor children. Ms. Cuamea then stated that if Ms. Salazar disagreed with the rules against minor children she could issue Ms. Salazar a 30-day notice to terminate her housing. Ms. Cuamea, in a raised voice, asked Ms. Salazar to meet her at 8 p.m. for a meeting with other tenants.  After the phone call, Ms. Salazar's daughter went back inside.

12. That evening at around 8 p.m. Ms. Cuamea held a meeting for tenants with minor children to remind them that minor children were not permitted in the common areas.  At the meeting Ms. Cuamea told tenants that she would permit minor children in the common areas if every family with a minor child signed an agreement in which they would assume liability for any property damage caused a minor child.  Ms. Cuamea made no mention that the agreement would also apply to adults or families without minor children.

13. At the meeting, Ms. Cuamea also invited the tenants to share their thoughts about the rules regarding minor children. At this point Ms. Salazar stated she felt intimidated by Ms. Cuamea's threat of eviction.  Ms. Cuamea responded that she held the meeting for Ms. Salazar's benefit, asked her if she was aware of Defendant's written rules which apply to minor children, and threatened to serve her with a 60-day notice.  After the meeting ended Ms. Cuamea served the Salazars a 60 day notice terminating their tenancy.

14. On or about April 7, 2016, the Plaintiffs contacted the Housing Rights Center ("HRC") to complain about Defendant's overly restrictive rules against minor children and her retaliatory 60-day notice.

15. On or about May 19, 2016, the HRC conducted a survey of tenants at the subject property. The survey confirmed the Salazars' allegations of overly restrictive rules against minor children at the subject property.

16. On or about May 25, 2016, the HRC also spoke with a tenant at the subject property who stated that Ms. Cuamea does not allow children in the common area. The tenant further stated that Ms. Cuamea has a practice of intimidating tenants with threats of eviction.

17. Defendant has a history of discrimination against minor children. In 2010 the HRC received similar complaints concerning familial status discrimination at the subject property involving Defendant and Ms. Cuamea. At the time Defendant adopted and enforced facially discriminatory rules that limited access to and use of the subject property by minor children. Defendant also issued notices to terminate the tenancies of several families with minor children based on overly restrictive rules. On or about October 5, 2010, the HRC sent correspondence to Defendant describing the discriminatory practices occurring at the subject property and the relevant fair housing laws. Defendant thus has long known that target or discriminate against minor children violate the fair housing laws.

18. As a result of Defendant's actions, Plaintiffs have suffered injury. Defendant has denied Plaintiffs the right to reside at a property free from housing discrimination. As a direct result of Defendant's discriminatory conducting, including Defendant's discriminatory and retaliatory 60-day notice, Plaintiffs have suffered, and are still suffering irreparable loss and injury, violation of their civil rights, emotional distress, including stress, anxiety, and insomnia, the loss of the opportunity to live in the apartment of their choice, and other general and special damages according to proof.

19. Defendant's unlawful practices, as described above, were wanton, willful, malicious, fraudulent, and oppressive; were intended to cause injury; and

were done in conscious, callous, reckless, and deliberate disregard for the federally protected rights of Plaintiffs. Thus, Plaintiffs seek punitive damages.

## V. CLAIMS FOR RELIEF

### A. First Claim - Fair Housing Act

20. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs.

21. Defendant, by and through a pattern or practice of purposeful discrimination on the basis of familial status, has violated the FHA in that Defendant has injured Plaintiffs by discriminating against families with minor children by implementing and enforcing overly-restrictive rules. Defendant has engaged in the following discriminatory housing practices:

    a. Otherwise making unavailable or denying, a dwelling based on familial status in violation of 42 U.S.C. § 3604(a);

    b. Discriminating on the basis of familial status in the terms, conditions, or privileges of renting a dwelling in violation of 42 U.S.C. § 3604(b); and

    c. Making statements with respect to a rental unit that indicate a preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. § 3604(c).

    d. Interfering, coercing, and intimidating Plaintiffs for exercising and enjoying, and on account of having exercised and enjoyed, rights granted and protected under Section 3604(f).

22. As a direct and proximate result of the acts and omissions herein alleged, Plaintiffs have suffered and continue to suffer injury.

23. Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Defendant is liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

///

### B. Second Claim – California Fair Employment and Housing Act

24. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs.

25. Defendant, by and through a pattern or practice of discrimination on the basis of familial status, violated the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*, ("FEHA"), by engaging in the following discriminatory housing practices:

   a. Discriminating based on familial status in violation of Cal. Gov't Code § 12955(a); and

   b. Making statements with respect to a rental unit that indicates a preference, limitation, or discrimination based on familial status in violation of Cal. Gov't Code § 12955(c).

26. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer injury.

27. Pursuant to Cal. Gov't Code § 12989.2, Plaintiffs are entitled to injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

### C. Third Claim – Unruh Civil Rights Act

28. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs.

29. The subject property is a business establishment under the California Unruh Civil Rights Act.

30. Defendant violated Plaintiffs' statutory right to be free from discrimination based on familial status in violation of Cal. Civil Code § 51 *et seq.*

31. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer injury.

32. Pursuant to Cal. Civil Code § 52, Plaintiffs are entitled to compensatory damages, statutory damages, and attorneys' fees and costs.

### D. Fourth Claim - Negligence

33. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs.

34. Defendant owed and continues to owe Plaintiffs a duty to operate the subject property in a manner that is free from unlawful discrimination and to employ, train, and supervise her directors, employees, agents, and herself to fulfill that duty. Defendant breached that duty by engaging in a pattern or practice of discrimination on the basis of familial status as herein alleged.

35. Defendant's negligence includes but is not limited to:
   a. Defendant's negligent failure to supervise herself regarding compliance with the requirements of federal and state fair housing laws;
   b. Defendant's negligent failure to supervise her agents and employees regarding compliance with the requirements of federal and state fair housing laws; and
   c. Defendant's negligent failure to operate the subject property in conformity with accepted industry custom and standards.

36. As a result of Defendant's negligence, Plaintiffs have suffered and continue to suffer injury.

## VI. PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1. Declare that the discriminatory practices of Defendant as set forth above, violate the FHA, FEHA, and the California Unruh Civil Rights Act. Further declare that the discriminatory practices of Defendant constitute negligence.

2. Enjoin Defendant from discriminating on the basis of familial status.

3. Enjoin Defendant from evicting Plaintiffs on the basis of familial status.

  4. Order Defendant's agents to engage in comprehensive fair housing training.

  5. Order Defendant to submit to monitoring of her practices and records to ensure compliance with the fair housing laws.

  6. Award compensatory damages to Plaintiffs.

  7. Award punitive damages to Plaintiffs.

  8. Award any other such damages as may be allowed by federal and state law.

  9. Award Plaintiffs their reasonable attorneys' fees and costs.

  10. Additional and further relief which the Court deems just and proper.

Dated: May 27, 2016      Respectfully Submitted,

                 _____
                  JOEL MARRERO
                  Attorney for Plaintiff(s)