UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV16-3741-CAS(AJWx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | SERGIO SALAZAR, ET AL v. ZHI MIN LI | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION FOR RECONSIDERATION RE: ORDER ON PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Dkt. 13, filed June 8, 2016)

On June 2, 2016, plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. Dkt. 9. Plaintiffs requests that the Court enjoin defendant from taking any further steps to evict plaintiffs from their home. On June 6, 2016, the Court denied plaintiffs' application. Dkt. 12. The Court reasoned that, in effect, plaintiffs were requesting that the Court enjoin defendant from initiating an unlawful detainer action and that, pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283, the Court lacked jurisdiction to issue such an order. Id. Thereafter, on June 7, 2016, plaintiffs' filed the instant motion for reconsideration of the Court's order denying plaintiffs' application for a temporary restraining order. Dkt. 13.

Upon reconsideration, the Court finds that it does, in fact, have the jurisdiction to grant plaintiffs' requested relief. Specifically, while many courts have found that the Anti-Injunction Act prohibits a court from enjoining a *pending* unlawful detainer action, see, e.g., Le v. 1st Nat. Lending Servs., 2013 WL 2555556, at *2 (N.D. Cal. Jul. 7, 2013) (collecting cases), the Anti-Injunction Act, does not apply when no state court action has been initiated, see Wright & Miller § 4222, Application of the Anti-Injunction Act (2016 3d Edition) ("The Anti-Injunction Act does not apply in circumstances where there are no ongoing proceedings in a state court with which a district court's judgment would interfere, so the Act does not apply if state court proceedings might ensue but are not currently ongoing."). Relying on this principle, several district courts in the Ninth Circuit have granted injunctions barring defendants from taking further steps to evict a plaintiff,

Case 2:16-cv-03741-CAS-AJW   Document 16   Filed 06/08/16   Page 2 of 4   Page ID #:76

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV16-3741-CAS(AJWx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | SERGIO SALAZAR, ET AL v. ZHI MIN LI | | |

including by initiating an unlawful detainer action in state court.  See, e.g., Jackmon v. America's Servicing Co., 2011 WL 3667478, at *3 (N.D. Cal. Aug. 22, 2011) (Breyer, J.) ("As Defendant U.S. Bank states in its Opposition that it has not yet filed any state court unlawful detainer proceedings the Anti–Injunction Act does not apply as a bar to this Court's action."); Johnson v. Macy, 2015 WL 9692930, at *5 (C.D. Cal. Oct. 23, 2015) ("Here, defendant has not commenced state proceedings . . . Consequently, the Anti–Injunction Act does not preclude this court from enjoining defendant from commencing unlawful detainer proceedings."); Na'im v. Sophie's Arms Fine Residences, LLC, 2013 WL 8609251, at *1 (S.D. Cal. Nov. 18, 2013) (finding defendants' argument that the Anti–Injunction Act precluded an injunction against the *filing* of an unlawful detainer action "without merit"); see also Park Village Apartments Tenants Ass'n v. Mortimer Howard Trust, 2007 WL 519038, at *8 (N.D. Cal. Feb. 14, 2007) (enjoining defendants "from evicting any tenant at Park Village Apartments or taking any action to accomplish such an eviction, *including the filing of any action for unlawful detainer*") (emphasis added).  Here, plaintiffs represent that defendant has not commenced state proceedings to evict plaintiffs from their apartment.  Mot., at 4.  Accordingly, the Court finds that it has jurisdiction to issue the injunctive relief plaintiffs have requested.

   Moreover, under the circumstances of this case, the Court finds that it is appropriate to issue a temporary restraining order.  A plaintiff seeking an injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Alternatively, " 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance of the Wild Rockies v. Cottrell, 622 F.3d 1127, 1132 (9th Cir. 2011).

   Here, plaintiffs have alleged that defendant has enacted and enforced a policy that exclusively prohibits minor children from playing in the common areas of plaintiffs' apartment building.  The Fair Housing Act specifically states that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status."  42 U.S.C. § 3604(b); see also Fair Housing Congress v. Weber, 993 F. Supp. 1286, 1292 (C.D. Cal. 1997) (holding a rule that prohibited children from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV16-3741-CAS(AJWx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | SERGIO SALAZAR, ET AL v. ZHI MIN LI | | |

"playing or running" in the building violated the FHA because it was a limitation on the use by minor children of the building's facilities). Accordingly, plaintiffs have demonstrated, at a minimum, that there are serious questions going to the merits of their case.

      In addition, plaintiffs contend that, if a temporary restraining order is not issued, they and their four minor children will be evicted from the home where they have lived for the last thirteen years. Courts have held that the loss of a home constitutes irreparable injury. See, e.g., Mitchell v. U.S. Dep't of Housing and Urban Development, 569 F. Supp. 701, 705 (N.D. Cal. 1983) (finding irreparable harm where, "[i]f a preliminary injunction [was] not issued, plaintiff would lose her home" and noting that, "[a]s plaintiff has children, the injury caused by loss of a home is far more significant.").

      The balance of hardships also favors plaintiffs. If the Court denies plaintiffs' request for a temporary restraining order, plaintiffs may be evicted from their home where they have lived and established community ties over the last thirteen years. On the other hand, plaintiffs' state that, if they are permitted to stay in their home, they "will continue to make timely rent payments and will continue to abide by the terms of their lease." Mot. For TRO, at 12.

      Finally, Congress and the courts have often stated that effective enforcement of the fair housing laws serves the public interest. See, e.g., 42 U.S.C. § 3601 ("It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States."); Bischoff v. Brittain, 2014 WL 5106991, at *9 (E.D. Cal. Oct. 10, 2014) ("The public interest has been authoritatively declared by Congress in its enactment of the FHA.") (citations omitted); Castillo v. Skoba, 2010 WL 3986953, at *2 (S.D. Cal. Oct.10, 2010) ("The public interest is served by affording homeowners the opportunity to pursue facially valid claims before their homes are sold.").

      Accordingly, the Court **VACATES** its prior order, Dkt. 12, and **GRANTS** plaintiff's *ex parte* application for a temporary restraining order and order to show cause.

      **IT IS HEREBY ORDERED:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'

| Case No. | CV16-3741-CAS(AJWx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | SERGIO SALAZAR, ET AL v. ZHI MIN LI | | |

　　Defendant shall not take any further steps to evict plaintiffs pending resolution of their application for a preliminary injunction, including, but not limited to, commencing an unlawful detainer action in state court.

　　Defendant shall show cause before this court on **June 29, 2016, at 12:00 p.m.,** or as soon thereafter as counsel may be heard, why an order should not issue preliminarily enjoining defendant, pursuant to Federal Rule of Civil Procedure 65, from taking any further steps to evict plaintiffs.

　　It is further ordered that defendant shall file an opposition to plaintiffs' request for a preliminary injunction no later than **June 17, 2016**, and plaintiffs shall file a reply no later than **June 24, 2016.**

　　Plaintiffs are ORDERED to serve this order on Defendant forthwith.

　　　　　　　　　　　　　　　　　　　　　　　　　00　:　00
　　　　　　　　　　　　　　　　Initials of Preparer　　　CL